**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 4:19-CR-00853-SRC-SPM |
| ) | |
| **RAYMOND HOUSE,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT RAYMOND HOUSE'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, Raymond House, by and through his appointed counsel, Eugene O. Howard, and respectfully submits this Memorandum to assist the Court with sentencing.

## Introduction

Raymond House will appear before this Court on December 20, 2021 for sentencing. On September 13, 2021, Mr. House pled guilty to one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).

For the reasons set forth in this memorandum, the undersigned counsel submits that the 84 month sentence the parties will jointly recommend, followed by a period of not more than three years of Supervised Release, is "sufficient, but not greater than necessary" to serve the factors and sentencing goals set forth in 18 U.S.C. §3553(a). Such a sentence will adequately incapacitate and punish Mr. House and, when followed by a one-to-three year term of supervised release, will

1

sufficiently serve the protective, deterrent and rehabilitative goals of sentencing.

### Pre-Sentence Report and Sentencing Guidelines

In the Pre-Sentence Report ("PSR"), United States Probation Officer Rohwedder calculated a Base Offense Level of 22 under U.S.S.G. §2K2.1(a)(4)(B) and a three (3) level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) and (b).  As a result, Officer Rohwedder calculated a Total Offense Level of 19, a Criminal History Category VI, based upon the assessment of sixteen criminal history points, and an Advisory Guideline imprisonment range of 63 to 78 months.  Officer Rohwedder's Advisory Guidelines calculations are well reasoned and correct under the 2018 Guidelines Manual and, therefore, neither Mr. House nor the government filed objections to the Pre-Sentence Report.

### Mr. House's Background, History and Characteristics

Raymond House is 36 years old.  Born in Columbus, Mississippi and raised there until age 9, Raymond has lived in the metro St. Louis area for the majority of his life.  Although it appears Raymond's basic needs were met, he experienced a traumatic and chaotic childhood.  Mr. House grew up without the presence of a father or any fatherly guidance.  He and his siblings were raised by a single mother who frequently abused alcohol and also used alcohol and drugs with her friends in the

family home.  Raymond's mother was away from the family home on a regular basis to socialize with her friends.  Raymond's mother struggled financially and struggled to provide stable housing for her children.  The family moved frequently, there was a lack of food in the home at times and the family shuffled about, often being taken in by family and friends during Raymond's formative years.  Due to the lack of a stable home, Raymond attended ten schools before reaching the seventh grade.  Tragically, Raymond was sexually abused as a very young child.

The lack of a stability and parental guidance during his formative years obviously had a negative effect on Mr. House.  Raymond developed behavior issues, struggled in school and was prescribed Ritalin for his Attention Deficit and Hyperactivity Disorder.  He was expelled from school at age 14 for fighting.  Introduced to alcohol and marijuana at age 16, Mr. House began to drink and smoke marijuana regularly until 2019 or 2020.

Undoubtedly, his traumatic and unstable childhood put Raymond House at a greater risk to succumb to drugs and alcohol, life in the streets and to participate in the criminal conduct he has committed.  So often defendants in Federal Court have childhoods that are traumatic.  Even though a defendant may have a traumatic childhood, however, this fact cannot always serve as an excuse for criminal behavior.

Mr. House and counsel do not suggest Raymond's traumatic and troubled childhood should excuse his criminal conduct. We acknowledge the serious nature of his offense, his prior record and that possessing a firearm was simply wrong. Rather, counsel submits Mr. Hill's history of an unstable, traumatic childhood and the lack of proper paternal guidance appears to have contributed to his anger issues as a child, his poor decision-making and his frequent involvement in illegal activity. Counsel requests this Court to consider Raymond's troubled childhood in mitigation when determining the sentence to impose.

### *Argument*

The parties will jointly recommend a sentence of 84 months, a sentence above the Guidelines Sentencing range determined by Ms. Rohwedder. Mr. House respectfully submits the parties' jointly recommended 84 month sentence is appropriate in view of the 3553(a) factors. Such a sentence takes into account the seriousness of the offense, the totality of Mr. House's history and characteristics, including his prior record and the government's agreement to dismiss Count 2 of the indictment at sentencing. As a result, Mr. House requests the Court to follow the parties' recommendation and impose a sentence of 84 months.

### Respect for the Law and Just Punishment

The jointly recommended 84 month sentence represents significant punishment and a substantial penalty. It adequately

reflects the seriousness of the offense, will promote respect for the law, and will provide just punishment as required by section 3553(a)(2)(A). While it is easy to become accustomed to extremely lengthy sentences in the federal system, 84 months is a very substantial sentence. It is significantly greater than the sentences Mr. House served in his prior federal case. While one could argue that an additional upward "ratchet" is warranted in light of Mr. House's prior federal case and record, research generally indicates that the certainty of punishment, as opposed to the increases in the severity of punishment, are more likely to produce deterrent benefits. *See Andrew von Hirsch, Anthony Bottoms, Elizabeth Burney, and P-O. Wikstrom, "Criminal Deterrence and Sentence Severity: An Analysis of Recent Research," Oxford: Hart Publishing, 1999*.

The undersigned respectfully submits that a sentence of 84 months, would promote respect for the law and provide adequate punishment. Such a sentence appears proportional to the offense conduct-possession of a firearm by a convicted felon-while still providing significant incapacitation and punishment. As such, it would reflect the seriousness of the offense. Such a sentence would also promote respect for the law by being tailored to Mr. House's offense conduct and the totality of his individualized circumstances, including his traumatic childhood,

5

while not simply imposing overly long punishment for punishment's sake.

### An 84 Month Sentence Will Provide Sufficient Specific and General Deterrence

The parties' jointly recommended sentence will be sufficient to deter Mr. House from similar crimes in the future, as required by sections 3553(a)(2)(B) and (C). The very fact of federal prosecution will also serve the interest in general deterrence under the sentencing statute. Would a longer sentence have any marginally greater general deterrent effect? Research has shown that "increases in the severity of punishments do not yield significant (if any) marginal deterrent effects." *See Michael Tonry, Purposes and Functions of Sentencing, 34 CRIME & JUST. 1, 28 (2006)*. Three National Academy of Science panels reached that conclusion, as has other major surveys of the evidence." *Id. see also Zvi D. Gabbay, Exploring the Limits of the Restorative Justice Paradigm, 8 CARDOZO J. CONFLICT RESOL. 421, 447-48 (2007)* ("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity.").

While imprisonment is important for incapacitating and punishing those who commit crimes, data shows that long prison sentences do little to deter people from committing future crimes. The findings of research on severity effects of

6

punishment in their totality, suggest that increases in already lengthy sentences produce at best a very modest deterrent effect.  Research has also shown that more severe punishments do not "chasten" individuals convicted of crimes, thereby increasing deterrence. *See National Institute of Justice, "Five Things About Deterrence," June 5, 2016*, (Available at nij.ojp.gov: https://nij.ojp.gov/topics/articles/five-things-about-deterrence.)

Counsel respectfully submits an 84 month sentence will sufficiently punish Mr. House and that a lengthier sentence is not required to act as a sufficient deterrent to future wrongful conduct.  Additional time in custody appears to add little to the other important goals of section 3553(a).  A sentence of 84 months, when coupled with 1-3 years of Supervised Release, appears "sufficient but not greater than necessary" to provide retribution and the requisite specific and general deterrent effect in Mr. House's case.

### Protecting the Public

In determining an appropriate sentence, this Court must also consider the need adequately protect the public.  Sentenced to 84 months, Mr. House will likely be in his mid-to late 40's, or even his 50's in light of his pending cases.  When ultimately released from the BOP, Mr. House will be on federal supervision for an additional 1 to 3 years.  At that age, recidivism

declines precipitously.  *See, e.g., U.S.S.C., "The Effects of Aging on Recidivism Among Federal Offenders" (2017) at 23.*  (The Commission's study shows a steady decline in recidivism with age, from 48 percent at age 25 to 22.3 percent at age 45 to 15.9 percent at age 50).  In view of the foregoing, a sentence of 84 months, coupled with 1-3 years of strict post-incarceration supervision, appears more than sufficient to incapacitate Mr. House and sufficiently protect the public from future crimes.

<u>The Proposed Sentence Will Provide Needed Treatment</u>

Aside from his longstanding issues with substance abuse, Mr. House does not appear to be in need of treatment of the type that a specific Bureau of Prisons placement would uniquely aid him under section 3553(a)(2)(D).  Nonetheless, a sentence of 84 months is sufficient for Mr. House to participate in and complete needed substance treatment.  Counsel submits that Probation appears best equipped to ensure that Mr. House maintains a stable, law-abiding life, once released from the BOP and under their supervision.  Notwithstanding Mr. House's previous difficulties on supervised release, the prospect of a productive life after incarceration will rise or fall on Raymond's ability to comply with and benefit from participation in supervision programs offered by Probation.  Moreover, the Court can address any future issue of compliance with appropriately-tailored Supervision services or sanctions.

<u>Conclusion</u>

Raymond House respectfully requests this Honorable Court to give due consideration to the foregoing memorandum and sentence him to a term of 84 months, as jointly recommended by the parties; impose a one-to-three year term of Supervised Release; assess a minimal fine, if any; and assess a mandatory special assessment in the amount of $100.00.

<u>/s/ Eugene O. Howard</u>
EUGENE O. HOWARD
Attorney for Defendant
217 N. 10th Street, Suite 200
Saint Louis, MO  63101
Phone:  (314) 621-8600
ehowardlaw@earthlink.net

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 10, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

<u>/s/ Eugene O. Howard</u>
